1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                  FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    BRIANNA C. PASKIEWICZ,                      No.  2:20-cv-02238 TLN AC PS

12                        Plaintiff,

13           v.                                    ORDER AND FINDINGS AND
                                                   RECOMMENDATIONS
14    CALIFORNIA LABOR COMISSIONER
      LILIA GARCIA BROWER; SHARON
15    HILLIARD, DIRECTOR OF
      UNEMPLOYMENT DEVELOPMENT;
16    CALIFORNIA STATE EMPLOYMENT
      DEVELOPMENT DEPARTMENT
17    "EDD"; CALIFORNIA ATTORNEY
      GENERAL ZAVIER BECERRA,
18
                         Defendants.
19

20

21          Plaintiff is proceeding in this action pro se.  This matter was accordingly referred to the

22   undersigned by E.D. Cal. 302(c)(21).  Plaintiff has filed a request for leave to proceed in forma

23   pauperis ("IFP"), and has submitted the affidavit required by that statute.  See 28 U.S.C.

24   § 1915(a)(1).  The motion to proceed IFP (ECF No. 2) will therefore be granted.

                                     **I.  Screening**

26          The federal IFP statute requires federal courts to dismiss a case if the action is legally

27   "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks

28   monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).  A

                                              1

1   claim is legally frivolous when it lacks an arguable basis either in law or in fact.  Neitzke v.

2   Williams, 490 U.S. 319, 325 (1989).  In reviewing a complaint under this standard, the court will

3   (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly

4   baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and

5   (3) resolve all doubts in the plaintiff's favor.  See Neitzke, 490 U.S. at 327; Von Saher v. Norton

6   Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S.

7   1037 (2011).

8          The court applies the same rules of construction in determining whether the complaint

9   states a claim on which relief can be granted.  Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court

10  must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must

11  construe the complaint in the light most favorable to the plaintiff).  Pro se pleadings are held to a

12  less stringent standard than those drafted by lawyers.  Haines v. Kerner, 404 U.S. 519, 520

13  (1972).  However, the court need not accept as true conclusory allegations, unreasonable

14  inferences, or unwarranted deductions of fact.  Western Mining Council v. Watt, 643 F.2d 618,

15  624 (9th Cir. 1981).  A formulaic recitation of the elements of a cause of action does not suffice

16  to state a claim.  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal,

17  556 U.S. 662, 678 (2009).

18         To state a claim on which relief may be granted, the plaintiff must allege enough facts "to

19  state a claim to relief that is plausible on its face."  Twombly, 550 U.S. at 570.  "A claim has

20  facial plausibility when the plaintiff pleads factual content that allows the court to draw the

21  reasonable inference that the defendant is liable for the misconduct alleged."  Iqbal, 556 U.S. at

22  678.  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity

23  to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v.

24  Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in

25  Lopez v. Smith, 203 F.3d 1122 (9th Cir.2000)) (en banc).

26         Additionally, the court must consider the presence or absence of jurisdiction; jurisdiction

27  is a threshold inquiry that must precede the adjudication of any case before the district court.

28  Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th

1   Cir. 1988).  Federal courts are courts of limited jurisdiction and may adjudicate only those cases

2   authorized by federal law.  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy

3   v. Coastal Corp., 503 U.S. 131, 136–37 (1992).  "Federal courts are presumed to lack jurisdiction,

4   'unless the contrary appears affirmatively from the record.'"  Casey v. Lewis, 4 F.3d 1516, 1519

5   (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

6   Without jurisdiction, the district court cannot decide the merits of a case or order any relief.  See

7   Morongo, 858 F.2d at 1380.  The burden of establishing jurisdiction rests upon plaintiff as the

8   party asserting jurisdiction.  Kokkonen, 511 U.S. at 377.

9       A.  The Complaint

10       Plaintiff's lawsuit is styled as a Writ of Mandamus pursuant to 1094.5(a) of the California

11   Code of Civil Procedure.  ECF No. 1 at 1.  Plaintiff asserts federal question jurisdiction pursuant

12   to 28 U.S.C. § 1331, alleging that defendants violated the Coronavirus Aid, Relief, and Economic

13   Security Act ("CARES Act").  Id. at 2.  Plaintiff also claims that her First and Fourteenth

14   Amendment rights were violated.  Id.  Plaintiff contends that EDD is unlawfully withholding

15   $1,374 in pandemic unemployment compensation without justification in violation of the CARES

16   Act.  Id.

17       Plaintiff alleges she applied for pandemic unemployment assistance on April 30, 2020.

18   ECF No. 1 at 3.  EDD backdated her claim to April 4, 2020, and plaintiff has received her

19   compensation for each week between April 5, 2020 through July 29, 2020, excluding two weeks

20   (April 19-25 and April 26-May 2).  Id. at 4.  Plaintiff also alleges that EDD miscalculated her

21   total earned income for 2019, resulting in an underpayment.  Id.  Plaintiff has reached out to EDD

22   through its online portal multiple times but has not received a response despite EDD's website

23   saying inquiries will be responded to within 5-7 business days.  Id.  Plaintiff has contacted her

24   state and local representatives without response.  Id. at 5.  Attached to plaintiff's complaint is a

25   letter of appeal to EDD submitted September 18, 2020.  ECF No. 1 at 16.  There is no indication

26   that the appeal has been processed.

27   ////

28   ////

B. Analysis

This complaint must be dismissed without leave to amend because there is no basis for federal jurisdiction and plaintiff fails to state a claim.  "Congress granted federal courts jurisdiction over two general types of cases: cases that 'aris[e] under' federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a).  These jurisdictional grants are known as 'federal-question jurisdiction' and 'diversity jurisdiction,' respectively."  Home Depot U. S. A., Inc. v. Jackson, 139 S. Ct. 1743, 1746 (2019).  Here, plaintiff asserts jurisdiction based on a federal question. ECF No. 1 at 3.  District courts have original jurisdiction over "civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.  "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'"  Republican Party of Guam v. Gutierrez, 277 F.3d 1086, 1088–89 (9th Cir. 2002) (modification in original) (citing Franchise Tax Bd. v. Constr. Laborers Vacation Trust, 463 U.S. 1, 8–9 (1983)).  There is no basis for federal jurisdiction here, for the reasons that follow.

Plaintiff's case is styled as a "petition for writ of mandamus" pursuant to California Code of Civil Procedure § 1094.5. ECF No. 1 at 1.  A "claim for a writ of mandate is a state law claim." Walnut Hill Estate Enterprises, LLC v. City of Oroville, No. 2:09-cv-00500 GEB GGH, 2010 WL 2902346 (E.D. Cal. July 22, 2010); see also Pacific Bell Telephone Co. v. City of Walnut Creek, 428 F.Supp.2d 1037, 1055 FN6. (N.D. Cal. 2006).

Plaintiff also appears to assert the CARES Act as a basis for federal jurisdiction, but there is no private right of action under the CARES Act.  American Video Duplicating, Inc. v. City National Bank, et al., No. 2:20-cv-04036 JFW JPR, 2020 WL 6882735, at *5 (C.D. Cal. Nov. 20, 2020) ("Unsurprisingly, every court to address whether the CARES Act created an implied private right of action has held that it does not.").

Plaintiff's conclusory attempt to "constitutionalize" her claims cannot support jurisdiction or state a cognizable federal claim.  First, plaintiff is still in the administrative process provided by EDD and therefore has not exhausted her administrative claim.  Second, and more

4

fundamentally, she does not actually identify any constitutional violation.  The complaint's only

express mention of constitutional rights is that plaintiff has "been denied her higher qualifying

rate of unemployment compensation without due process and equal protection of laws and/or

Petitioner's right to redress under the First Amendment as all Petitioner's written and verbal

inquiries and requests have gone unanswered by EDD."  ECF No. 1 at 6.  However, it is clear

from the attached documents that plaintiff has not been expressly denied any benefit from EDD

but is in the process of waiting for a response to her application for appeal.  Plaintiff has not

exhausted her administrative remedies and is seeking relief in the wrong court.

> The California Unemployment Insurance Code provides a comprehensive appeals process for unemployment insurance applicants who are dissatisfied with EDD administrative actions. After a denial of benefits, or unfavorable EDD action, a claimant may appeal and receive an evidentiary hearing before an ALJ of the CUIAB. (Unemp. Ins. Code, §§ 407, 408, 1328, 1331.) If dissatisfied with that decision, the claimant may appeal to the CUIAB. (Id., §§ 409, 410, 1334.) Finally, an appellant may review a CUIAB decision by filing a superior court administrative mandamus action within six months of the CUIAB decision. (Id., § 410; Code Civ. Proc., § 1094.5.)

> The California Supreme Court has held that this administrative appeals process fulfills "every requisite of due process of law." (Abelleira v. District Court of Appeal (1941) 17 Cal.2d 280, 291 .) This procedure envisions that parties to these appeals will complete the process and not evade it by filing actions not authorized by the Unemployment Insurance Code. (Ibid.) Courts have prohibited parties from making any procedural "end run" around the requirement that they must file a timely mandamus review of the CUIAB decision. (Du Four v. Unemployment Ins. Appeals Bd. (1975) 49 Cal.App.3d 863, 866, fn. 2; Abelleira, at p. 291 .)

Edwards v. Employment Dev. Dep't, No. B217074, 2010 WL 2953667, at *2 (Cal. Ct. App. July

29, 2010).  Plaintiff has not followed the administrative process to challenge the status of her

EDD application; this court cannot adjudicate her complaint.

      Moreover, plaintiff does not state a claim under 42 U.S.C. § 1983.  Plaintiff makes no

assertion that her claim for unemployment benefits was denied on an impermissible basis; indeed,

it has apparently not yet been denied.  Compare Rutan v. Republican Party of Illinois, 497 U.S.

62, 86–87 (1990) (even though a person has no right to valuable governmental benefit and

government may deny the benefit for any number of reasons, benefit may not be denied where it

infringes on constitutionally protected interests such as free speech).  Although plaintiff mentions due process, it is apparent from her allegations that she only recently filed her appeal with EDD, so any claim of a due process violation is premature.

Finally, the court notes that 42 U.S.C.A. § 503—which plaintiff does not specifically mention—cannot confer jurisdiction.  This statute governs federal payments to state unemployment insurance programs, and states in relevant part that the "Secretary of Labor may not certify payment of federal funds unless he first finds that the State's program conforms to federal requirements."  42 U.S.C.A. § 503(a)(1).  The Supreme Court has recognized a private right of action under § 503.  See California Department of Human Resources v. Java, 402 U.S. 121 (1971).  One of the requirements a state program must meet in order for the federal government to provide funding to an unemployment program is that the program must be reasonably calculated to insure full payment of unemployment compensation "when due."  42 U.S.C. § 503(a)(1).  The Ninth Circuit has concluded that the "when due" statutory language, "construed in light of the purposes of the Act, means the time when payments are first administratively allowed as a result of a hearing of which both parties have notice and are permitted to present their respective positions[.]"  California Dep't of Human Res. Dev., 402 U.S. at 133 (emphasis added).  Thus, payments are not "due" before an initial hearing is held, as plaintiff alleges.  Further, § 503 does not set a time limit for a hearing to occur.  Even if there were a regulation setting a deadline, that would not necessarily create a constitutional right to an eligibility determination within the specified time.

For the foregoing reasons, the complaint fails to state any cognizable federal claim and no potential basis for federal jurisdiction is suggested by the facts presented or the nature of plaintiff's dispute with state authorities.  The undersigned accordingly recommends this complaint be dismissed for lack of jurisdiction and failure to state a claim.  The undersigned further recommends that leave to amend not be granted because, in light of the facts at issue in this case, the complaint's deficiencies could not be cured by amendment.  Noll, 809 F.2d at 1448.

////

////

**II.  Conclusion**

For the reasons stated above, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis, ECF No. 2, is GRANTED.

IT IS FURTHER RECOMMENDED that the complaint, ECF No. 1, be DISMISSED without leave to amend because this court lacks jurisdiction and plaintiff cannot state a claim upon which relief can be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1).  Within twenty one days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Id.; see also Local Rule 304(b).  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal the District Court's order.  Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 2, 2020

ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

7